UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00488-FDW-SCR

| TY BELT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| PAYSAFE.COM AND AUTHORIZE.NET, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Ty Belt's ("Plaintiff") Motion to Strike, filed on March 7, 2023, (Doc. No. 12), and Defendants' Paysafe.com and Authorize.net ("Defendants") Motion to Dismiss, filed on March 21, 2023. (Doc. No. 13). These Motions have been fully briefed and are ripe for review. For the reasons set forth herein, Plaintiff's Motion to Strike, (Doc. No. 12), is **DENIED**[1], Defendants' Motion to Dismiss, (Doc. No. 13), is **GRANTED**, and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE.**

## I.  BACKGROUND

Plaintiff initiated this action with the filing of a *pro se* Complaint, (Doc. No. 1), against Defendants alleging breach of contract and conversion. Plaintiff's claims seem to arise from the closing of an account after the collection of $5,000 "from clients for work that [Plaintiff] was to perform but before the work was performed in full and before delivery of the funds to the end account as promised." (Doc. No. 1, p. 2). In his Complaint, Plaintiff seeks release of the allegedly

---

[1] Plaintiff's Motion to Strike, (Doc. No. 12), is denied for the reasons set forth in the Order granting Defendant's Motion for Extension of Time to Answer Complaint, (Doc. No. 10), and for the reasons cited in Defendants' Response in Opposition to the Motion, (Doc. No. 15).

1

withheld "$5,000" and "$95,000" in combined "compensatory and punitive" damages from Defendants. (Doc. No. 1, p. 29).

On February 2, 2023, Defendants moved for an Extension of Time to Answer, (Doc. No. 9), which was then granted by Order on February 21, 2023. (Doc. No. 10). Plaintiff then *pro se* made a Motion to Strike the Motion for Extension of Time on March 7, 2023. (Doc. No. 12). On March 21, 2023, Defendants submitted their Motion to Dismiss, (Doc. No. 13). These Motions have been fully briefed and are ripe for review. Defendants move to dismiss this action under Rules 12(b)(1), (2), (3), (4), and (6) of the Federal Rules of Civil Procedure. Since this Court finds 12(b)(1) dispositive, it declines address Defendants' other arguments.

## II. STANDARD OF REVIEW

"'Subject-matter jurisdiction defines the court's authority to hear a given type of case'; it represents 'the extent to which a court can rule on the conduct of persons or the status of things.'" Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citations omitted) (quoting United States v. Morton, 467 U.S. 822, 828 (1984); Subject-Matter Jurisdiction, Black's Law Dictionary (8th ed. 2004)). Unless and until a court is convinced it has jurisdiction, it may not rule on a case's merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998). The plaintiff bears the burden of proving subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time either by a litigant, or by the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may

consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III. ANALYSIS

Plaintiff, in his Complaint, seeks the release of "$5,000" he claims to be withheld by Defendants and an additional "$95,000" in combined "compensatory and punitive" damages. (Doc. No. 1, p. 29). Defendants move for dismissal with prejudice, arguing this Court lacks subject matter jurisdiction as a result of Plaintiff's failure to establish the requisite amount in controversy. For the reasons outlined below, the Court finds dismissal of Plaintiff's Complaint is appropriate because Plaintiff has failed to meet the jurisdictional amount in controversy requirement under 28 U.S.C. §1332(a).

"Federal Courts are courts of limited jurisdiction," and the burden of establishing subject matter jurisdiction falls on the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction over civil actions where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332.

Presuming, but without deciding, that Plaintiff's reference to Defendants' location in his Complaint is sufficient to establish diversity of citizenship, Plaintiff's Complaint still does not meet Section 1332's monetary threshold to establish subject matter jurisdiction. Usually, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,

3

303 U.S. 283, 288 (1938)). However, the Fourth Circuit explained, "dismissal of a complaint is appropriate where it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Unitrin Auto & Home Ins. Co. v. Bastida, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (quoting St Paul Mercury Indem. Co., 303 U.S. at 289). In order to determine the jurisdictional amount in controversy, courts "should consider any special or punitive damages, such as treble damages," available to a plaintiff under the applicable law. Foy v. State Farm Mutual Ins. Co., 2021 WL 7185234 at *4 (W.D.N.C. March 11, 2021) (quoting R.L Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 n.3 (4th Cir. 2001). But "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983).

Here, Plaintiff is claiming only $5,000 in actual damages and $95,000 in compensatory and punitive damages. Plaintiff offers no factual allegation in his Complaint to plausibly assert this amount of punitive and compensatory damages. In Hamilton v. Ocwen Loan Servicing LCC, 2013 WL 499159 at *6 (D.S.C. Feb. 7, 2013), the Court ruled that there was no subject matter jurisdiction over the case as the defendants had not presented a factual basis for the Court to determine whether Plaintiffs could recover damages in excess of $75,000. Nothing in Plaintiff's Complaint, even if liberally construed, explains why damages of $95,000 are warranted or whether punitive damages are allowed under any substantive law governing the claim. See also Nidy v. U.S. Bancorp Gov't Leasing & Fin., Inc. *ex rel.* Holders of COMM 2013-CCRE12 Mortg. Tr. Com. Mortg. Pass-Through Certificates, No. 19-1759. 2022 WL 2128837 at *2 (4th Cir. June 14, 2022) (holding that substantive law determines whether punitive damages may be included as part of the amount in controversy). Thus, it is evident to a legal certainty that the amount in controversy

4

Case 3:22-cv-00488-FDW-SCR   Document 20   Filed 06/29/23   Page 4 of 5

to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a) does not exceed $75,000 as the Complaint only plausibly alleges damages of $5,000.

## IV. CONCLUSION

Because Plaintiff has failed to meet the jurisdictional amount in controversy requirement to establish subject matter jurisdiction under 28 U.S.C. § 1332(a). this Court does not have jurisdiction to review the claim for damages. As such, Defendants are entitled to dismissal of Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. No. 13), is **GRANTED**. Accordingly, Plaintiff's Complaint, (Doc. No. 1), is **DISSMISSED WITHOUT PREJUDICE** to refile in an appropriate state court.

**IT IS SO ORDERED.**

Signed: June 28, 2023

Frank D. Whitney
United States District Judge